# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SA'QUAN LIGHTSEY,

      **Plaintiff,**

v.                                                            1:16-cv-4292-WSD

BEAULIEU GROUP, LLC,

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas' Final Report and Recommendation [38] ("R&R"), recommending this action be administratively closed pending Defendant Beaulieu Group, LLC's ("Defendant") bankruptcy proceedings.

## I.     BACKGROUND

On November 17, 2016, Plaintiff Sa'Quan Lightsey ("Plaintiff") filed his Complaint [1] against Defendant, alleging violation of Plaintiff's rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq*.

On July 21, 2017, Defendant filed its Suggestion of Bankruptcy and Notice of Automatic Stay [37], notifying the Court that Defendant filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et*

*seq.*, in the United States Bankruptcy Court for the Northern District of Georgia, Rome Division.

On February 16, 2018, the Magistrate Judge issued her R&R. In it, she recommends that the Court administratively close this action pending the outcome of the bankruptcy proceedings filed by Defendant. No party filed objections to the R&R.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). No party objects to the R&R, and the Court thus conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.  Analysis

A debtor's filing of a petition under the Bankruptcy Code operates as an automatic stay of the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to

2

recover a claim against the debtor that arose before the commencement of the case under [the bankruptcy code]." See 11 U.S.C. § 363(a)(1). In light of Defendant's Notice of Bankruptcy, this action is stayed. The Magistrate Judge recommends administratively closing this action until the stay is lifted. The Court finds no plain error in this finding and recommendation. Slay, 714 F.2d at 1095. Accordingly, this action is administratively closed.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas' Final Report and Recommendation [38] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **ADMINISTRATIVELY CLOSED** during the pendency of Defendant's bankruptcy action. The parties shall notify the Court promptly once the bankruptcy court grants relief from the automatic stay or the stay otherwise lapses.

**SO ORDERED** this 21st day of March, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE